UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,  
    Plaintiff,

vs.

UNITED STATES DEPARTMENT
OF HUD,  
    Defendant.

Case No. 1:25-cv-914  
McFarland, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se action against the United States Department of Housing and Urban Development (HUD) seeking a writ of mandamus. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review to determine whether the petition, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a

violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se petition seeks a writ of mandamus to compel HUD "to perform its mandatory, nondiscretionary duties under the Fair Housing Act ('FHA') and Americans with Disabilities Act ('ADA') in connection with housing discrimination and retaliation complaints filed July 6, 2025 and November 18, 2025."  (Doc. 1-1 at PAGEID 5).  The petition alleges that HUD dismissed plaintiff's July 6, 2025 complaint for lack of jurisdiction "despite clear allegations of disability discrimination, denial of reasonable accommodations, and retaliation," and the November 18, 2025 complaint as duplicative of a complaint plaintiff filed with the Ohio Civil Rights Commission "even though the filing included new facts, new respondents (WMHA) [Warren County Metropolitan Housing Authority], new harm, and ADA allegations that OCRC expressly states it has no jurisdiction to review."  (*Id.*).

Attached to plaintiff's petition are HUD's responses to the July 2025 and November 2025 complaints filed by plaintiff.  The July complaint was brought against Landings at Beckett Ridge.  (Doc. 1-1 at PAGEID 11).  HUD determined it did not have jurisdiction to investigate plaintiff's complaint because plaintiff did not establish a nexus between the actions of the respondent, Landings at Beckett Ridge, and discrimination based on a protected class.  (*Id.*).  HUD also advised plaintiff, "Notwithstanding HUD's administrative closure of this complaint, under Section 813(a) of the Act, the complainant may file a civil lawsuit in an appropriate

federal district court or state court within two (2) years of the date on which the alleged discriminatory housing practice occurred or ended." (*Id*. at PAGEID 12).

The November HUD complaint was filed against Warren County Metropolitan Housing Authority. (Doc. 1-1 at PAGEID 14). HUD advised plaintiff, "This complaint contained the same allegations as submitted to OCRC [Ohio Civil Rights Commission] on November 18, 2025" and "the subject-reference[d] claim will be administratively closed as a duplicate, and no additional action will be taken." (*Id*.).

Plaintiff seeks the issuance of an "emergency writ of mandamus compelling HUD to reopen, accept, and investigate the July 6 and November 18 complaints" of housing and disability discrimination. (*Id*. at PAGEID 9). For the reasons that follow, plaintiff's petition is insufficient to state a claim for mandamus relief and should be dismissed.

Pursuant to 28 U.S.C. § 1361:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. "The writ of mandamus is an extraordinary remedy and will issue only when the petitioner has demonstrated that: (1) the petitioner has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available." *Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001) (citing *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 955 (6th Cir. 1999); *In re NLO, Inc.*, 5 F.3d 154, 155-56 (6th Cir. 1993)).

Even if plaintiff were able to meet the first and second elements for mandamus relief, she is unable to satisfy the third element. Plaintiff is not entitled to a writ of mandamus because she has other available adequate remedies, namely her private right of action against the entities who allegedly discriminated against her. "The FHA specifically provides that an aggrieved person

4

may file a civil action in a United States district or state court within two years of the alleged discriminatory housing practice." *Wilder v. Preston*, No. CIV. RDB-09-155, 2009 WL 4062347, at *4 (D. Md. Nov. 23, 2009) (citing 42 U.S.C. § 3613(a)(1)(A) (denying mandamus relief against HUD where, inter alia, the plaintiff had other options to obtain redress for discriminatory housing practices). "The civil action is available irrespective of the status of any administrative procedures" taken by HUD. *Morales v. U.S. Dep't of Hous. & Urb. Dev.*, No. 3:21-cv-1171, 2022 WL 4237071, at *5 (D. Conn. Sept. 14, 2022) (citing 42 U.S.C. § 3613(a)(2); *Marinoff v. U.S. Dep't of Hous. & Urb. Dev.*, 892 F. Supp. 493, 496 (S.D.N.Y. 1995) (noting that the private cause of action against a perpetrator of discriminatory housing practices is available "[r]egardless of whether or not HUD determines that reasonable cause exists"), *aff'd*, 78 F.2d 64 (2d Cir. 1996); *Turner v. Sec'y of U.S. Dep't of Hous. & Urb. Dev.*, 449 F.3d 536, 540 (3d Cir. 2006) (noting that the FHA "authorizes private suits directly against perpetrators of allegedly discriminatory practices, even if, as here, HUD renders a determination that there was no reasonable cause to believe that there had been discrimination")). Plaintiff likewise may enforce her rights under the ADA through a private cause of action. *Ability Center of Greater Toledo v. City of Sandusky,* 385 F.3d 901, 907 (6th Cir. 2004).

    Plaintiff fails to satisfy the third element for mandamus jurisdiction because adequate alternative remedies exist. Plaintiff has the right to pursue a private cause of action under the FHA and ADA against the entities that allegedly discriminated against her.[1] Therefore, the

---

[1] The Court notes that plaintiff has recently filed an action in this federal court alleging violations of the FHA and ADA against the Warren County Metropolitan Housing Authority, the entity that is the subject of her November 2025 HUD complaint. *See Holmes v. Warren County Metropolitan Housing Authority*, No. 1:25-cv-937 (S.D. Ohio).

5

mandamus jurisdiction of this Court is not properly invoked in this case, and the complaint should be dismissed for want of subject matter jurisdiction.[2]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's petition for a writ of mandamus be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

December 29, 2025

Karen L. Litkovitz
United States Magistrate Judge

---

[2] To the extent plaintiff may be alleging jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 701 et seq. (Doc. 1-1 at PAGEID 6), the Court likewise has no subject matter jurisdiction where plaintiff has the right to file a civil action against the perpetrators of housing and disability discrimination. *See West v. Jackson*, 538 F. Supp. 2d 12, 21 (D.D.C. 2008).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSALIND HOLMES,
    Plaintiff,

vs.

UNITED STATES DEPARTMENT
OF HUD,
    Defendant.

Case No. 1:25-cv-914
McFarland, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).